# EXHIBIT A

FILED by Macomb County Circuit Court
6/21/2024

2024-002378-NP
LAZZERI, BRIAN VS

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN JUDICIAL DISTRICT 16th JUDICIAL CIRCUIT Macomb COUNTY | SUMMONS | CASE NO. 2024-2378 NP Hon. Joseph Toia |
|---|---|---|

**Court address**
40 N. Main Street, Mt. Clemens, MI 48043

**Court telephone no.**
586-469-7171

| Plaintiff's name, address, and telephone no. BRIAN LAZZERI | v | Defendant's name, address, and telephone no. RAVIN CROSSBOWS, LLC and VELOCITY OUTDOOR, INC. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no. NATHAN J. EDMONDS (P51453) Ven Johnson Law, PLC 535 Griswold St., Suite 2600 Detroit, MI 48226 (313) 342-8300 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 6-20-24 | Expiration date 9-19-24 | Court clerk ANTHONY G. FORLINI |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.*

MC 01 (3/23)  SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons   (3/23)

Case No. 2024-            NP

| PROOF OF SERVICE |

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |

☐ I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Signature | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

| ACKNOWLEDGMENT OF SERVICE |

I acknowledge that I have received service of a copy of the summons and complaint, together with

| | on | |
|---|---|---|
| Attachments (if any) | Date and time | |
| | on behalf of | |
| Signature | | |
| Name (type or print) | | |

MCL 600.1910, MCR 2.104, MCR 2.105

FILED by Macomb County Circuit Court
6/21/2024

2024-002378-NP
LAZZERI, BRIAN v

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BRIAN LAZZERI

     Plaintiff,

v

RAVIN CROSSBOWS, LLC and
VELOCITY OUTDOOR, INC.

     Defendants.

Case No. 24- *002378 - NP*

Hon. *Joseph Toia*

| |
|---|
| NATHAN J. EDMONDS (P51453)<br>VEN. R. JOHNSON (P39219)<br>VEN JOHNSON LAW, PLC<br>Attorneys for Plaintiff<br>The Buhl Building<br>535 Griswold Ste 2600<br>Detroit, Michigan 48226<br>(313) 324-8300<br>nedmonds@venjohnsonlaw.com |

---

**COMPLAINT AND JURY DEMAND**

There are no pending civil actions arising out of the same
transaction or occurrence as alleged in this Complaint.

*/s/ Nathan J. Edmonds*
Nathan J. Edmonds (P51453)

    1.    The Plaintiff, Brian Lazzeri, is a resident of Shelby Township, County of Michigan,
State of Michigan.

    2.    Defendant, Ravin Crossbows, LLC (herein after referred to as "Ravin") is believed
to be a limited liability company with a principal place of business at 3535 Tower Avenue,
Superior, Wisconsin, 54880.

3.      Defendant, Velocity Outdoor, Inc., (herein after referred to as "Velocity Outdoor") is a corporation incorporated in a state other than Michigan with a principal place of business of 7629 State 5 and 20, Bloomfield, New York, 14469.

4.      Defendant, Ravin, is a manufacturer and seller of Ravin crossbows and bolts.

5.      Defendant, Velocity Outdoor, is believed to be a holding company, which owns Defendant, Ravin Crossbows, LLC.

6.      On October 1, 2022, the Plaintiff was injured when he fired a Ravin, bolt from a Ravin, model 10, Crossbow (serial # 10.A072598), while hunting for the first time, after having sighted the bow, having fired a bod 10-15 times previously.

7.      The Ravin Crossbow and bolt that the Plaintiff fired, was purchased by Justin Goltarski from Dunham's something in 2022.

8.      The crossbow and bolt were manufactured by Defendant, Ravin, and the Ravin name and model number are displayed on the crossbow.

9.      The Defendant, Ravin, sold the crossbow and bolt in question to Dunham so that Dunham's could sell the crossbow and bolt to the public.

10.     The Ravin bolt was fired, was also manufactured by Defendant Ravin and the Ravin name is displayed on the Ravin bolt.

11.     On the morning of October 1, 2022, the Plaintiff fired the Ravin Crossbow from a tree stand at a deer, being the first time after sighting the bow that it was used for hunting.

12.     The Plaintiff is a righthanded shooter and therefore he was holding the crossbow to his right shoulder, with his right hand on the pistol grip, and he pulled the trigger with his right, index finder.

2

13.     The Plaintiff's left hand was supporting the crossbow at the proper location, under the forearm of the crossbow.

14.     When the Plaintiff fired the crossbow, the crossbow malfunctioned, and the string severed.

15.     As a direct and proximate result of the malfunction, the severed string whipped forward with such force that it struck, fractured and lacerated the Plaintiff's proximal phalange of the long finger of his right hand.

16.     Pieces of the fired bolt were later recovered.

17.     The Plaintiff received medical treatment including x-rays, surgery, prescription medications, physical therapy, and follow up doctor visits.

18.     The Plaintiff incurred medical expenses in excess of $130,000 and he may incur additional medical expenses in the future.

19.     The Plaintiff was unable to work because of his injuries from the incident and incurred lost wages.

20.     As a direct and proximate result of this incident the Plaintiff has experienced physical pain and suffering, mental anguish, anxiety, inconvenience, discomfort and loss of enjoyment of life, which may continue indefinitely in the future.

## COUNT I – PRODUCTS LIABILITY-DEFECTIVE DESIGN

21.     Paragraphs 1-20 of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

22.     In 2022, Defendant Ravin was in the business of designing, manufacturing and selling Ravin Crossbow's and bolts of the kind involved in Plaintiff's incident.

3

23.    Defendant, Ravin, designed and manufactured the Ravin Crossbow model R10 (serial #10.A072598), and the Ravin bolt that were involved in Plaintiff's incident.

24.    At the time that the Defendant, Ravin, designed, manufactured and sold the crossbow and bolt in question and place it in the stream of commerce, it was defective and unfit for its intended use because:

    a.  The bowstring was susceptible to severing and breaking when the crossbow was fired;

    b.  The Ravin nock and/or the bolt itself were defective in that they were susceptible to fracturing and breaking when fired from the Ravin Crossbow;

    c.  The defective nock and/or bolt created a risk of the bowstring severing and breaking when the crossbow is fired;

    d.  The crossbow limbs are under such tension, that when the bowstrings break there is a significant danger of injury to the user.

25.    As a direct and proximate result of the defects referred to in paragraphs 24 above, the Plaintiff suffered the injuries and damage summarized in paragraphs 17-20 above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against Defendant Ravin, in the amount in excess of $25,000.

## COUNT II – PRODUCTS LIABILITY-DEFECTIVE DESIGN

26.    Paragraphs 1-25 of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

27.    The Defendant, Velocity Outdoor, Inc., was the owner and/or parent company of Ravin, who was selling Ravin Crossbows to the public, including the Crossbow of the kind involved in the Plaintiff's incident.

28.    At all times relevant hereto, Defendant, Velocity Outdoor, managed, operated and controlled Defendant, Ravin Crossbows.

4

29.    At all times relevant hereto, Defendant, Ravin, as agents, servants and/or employees of the Defendant, Velocity Outdoor, Inc.

30.    Consequently, Defendant, Velocity Outdoor, Inc., is vicariously liable for the actions and/or inactions of Ravin Crossbows.

31.    At the time that the Defendant, Ravin, designed, manufactured, assembled and sold the crossbow and bolt in question it was defective and unfit for its intended use because:

     a.    The bowstring was susceptible to severing and breaking when the crossbow was fired;

     b.    The Ravin nock and/or the bolt itself were defective in that they were susceptible to fracturing and breaking when fired from the Ravin Crossbow;

     c.    The defective nock and/or bolt created a risk of the bowstring severing and breaking when the crossbow is fired;

     d.    The crossbow limbs are under such tension, that when the bowstrings break there is a significant danger of injury to the user.

32.    As a direct result of the defects referred to in paragraph 30 above, the Plaintiff suffered the injuries and damages summarized in paragraphs 17-20 above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, Velocity Outdoor, Inc., in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT III – PRODUCTS LIABILITY-FAILURE TO WARN

33.    Paragraphs 1-32 of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

34.    The Defendant, Ravin, failed to warn the Plaintiff that the crossbow's bowstring was susceptible to severing and breaking when the crossbow was fired.

5

35.     The Defendant, Ravin, failed to warn the Plaintiff that the Ravin nock and/or the
bolt itself were defective in that they were susceptible to fracturing and breaking when fired from
the Ravin Crossbow.

36.     The Defendant, Ravin, failed to warn the Plaintiff that the defective nock and/or
bolt constituted a risk that the bowstring could sever and break when the crossbow is fired.

37.     The Defendant, Ravin, failed to warn the Plaintiff that the crossbow limbs are under
such tension, that when the bowstring breaks there is a significant danger of injury to the user.

38.     As a direct and proximate result of the Defendant, Ravin's failure to warn of the
conditions referred to in paragraphs 33-36 above, the Plaintiff suffered the injuries and damages
summarized in paragraphs 17-20 above.

WHEREFORE, The Plaintiff respectfully requests that judgment be entered in his favor
and against Defendant, Ravin, in an amount in excess of $25,000.

## COUNT IV – PRODUCTS LIABILITY – FAILURE TO WARN

39.     Paragraphs 1-38 of Plaintiff's Complaint are incorporated herein by reference as
though fully set forth at length.

40.     The Defendant, Velocity Outdoor Inc., was the owner and/or parent company of
Ravin Crossbows, LLC, who sells Ravin Crossbows to the public, including the Crossbow
involved in this incident.

41.     At all times relevant hereto, Defendant, Velocity Outdoor, managed Defendant,
Ravin Crossbows.

42.     At all times relevant hereto, Defendant, Ravin, acted by and through their
employees, servants and agents who were acting as agents, servants and/or employees of the
Defendant, Velocity Outdoor, Inc.

6

43.     Consequently, Defendant, Velocity Outdoor, Inc., is liable, and/or vicariously liable for the actions and/or inactions of Ravin Crossbows, and is liable for Ravin Crossbow's failure to warn, as is enumerated in paragraphs 43.

44.     The Defendant, Ravin, failed to warn the Plaintiff that the crossbow's bowstring was susceptible to severing and breaking when the crossbow was fired.

45.     The Defendant, Ravin, failed to warn the Plaintiff that the Ravin nock and/or the bolt itself were defective in that they were susceptible to fracturing and breaking when fired from the Ravin Crossbow.

46.     The Defendant, Ravin, failed to warn the Plaintiff that the defective nock and/or bolt constituted a risk that the bowstring could sever and break when the cross bow is fired.

47.     The Defendant, Ravin, failed to warn the Plaintiff that the crossbow limbs are under such tension, that when the bowstring breaks there is a significant danger of injury to the user.

48.     As a direct and proximate result of the Defendant, Ravin's failure to warn of the conditions referred to in paragraphs 33-36 above, the Plaintiff suffered the injuries and damages summarized in paragraphs 17-20 above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, Velocity Outdoors, Inc., in an amount in excess of $25,000.

## COUNT V – NEGLIGENCE

49.     Paragraphs 1-48 of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

50.     In 2022, Defendant, Ravin, was in the business of designing, manufacturing, assembling and selling Ravin Crossbow's and bolts of the kind involved in Plaintiff's incident.

7

51.   Defendant, Ravin, designed and manufactured the Ravin Crossbow model R10 (serial #10.A072598), and the Ravin bolt that were involved in Plaintiff's incident.

52.   At the time that the Defendant, Ravin, designed, manufactured and sold the crossbow and bolt in question, Defendant, Ravin, owed a duty to the Plaintiff to design, manufacture and assemble Ravin model R10 Crossbow in a manner that made it safe for its intended use.

53.   Ravin breached their duty and were negligence for the following reasons:

    a.   The bowstring was susceptible to severing and breaking when the crossbow was fired;

    b.   The Ravin nock and/or the bolt itself were defective in that they were susceptible to fracturing and breaking when fired from the Ravin Crossbow;

    c.   The defective nock and/or bolt created a risk of the bowstring severing and breaking when the crossbow is fired;

    d.   The crossbow limbs are under such tension, that when the bowstrings break there is a significant danger of injury to the user.

54.   As a direct and proximate result of the negligence referred to in paragraphs 53 above, the Plaintiff suffered the injuries and damages summarized in paragraphs 1-20 above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, Ravin, in an amount in excess of $25,000.

## COUNT VI – NEGLIGENCE

55.   Paragraphs 1-54 of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

56.   The Defendant, Velocity Outdoor, Inc., was the owner and/or parent company of Ravin, who was in the business of designing, manufacturing, assembling and selling Ravin Crossbows to the public.

8

57.     At all times relevant hereto, Defendant, Velocity Outdoor, supervised, managed, operated and controlled Defendant Ravin Crossbows.

58.     At all times relevant hereto, Defendant, Ravin, acted by and through their employees, servants and agents who were acting as agents, servants and/or employees of the Defendant, Velocity Outdoor, Inc.

59.     Consequently, Defendant, Velocity Outdoor, Inc., is liable, and/or vicariously liable for the actions and/or inactions of Ravin Crossbows and is liable for Ravin Crossbow's negligence as enumerated herein.

60.     At the time that the Defendant, Ravin, designed, manufactured and sold the crossbow and bolt in question, Defendant, Ravin, owed a duty to the Plaintiff to design, manufacture and assemble Ravin model 10 Crossbow in a manner that made it safe for its intended use.

61.     Ravin breached their duty and were negligence for the following reasons:

     a.   The bowstring was susceptible to severing and breaking when the crossbow was fired;

     b.   The Ravin nock and/or the bolt itself were defective in that they were susceptible to fracturing and breaking when fired from the Ravin Crossbow;

     c.   The defective nock and/or bolt created a risk of the bowstring severing and breaking when the crossbow is fired;

     d.   The crossbow limbs are under such tension, that when the bowstrings break there is a significant danger of injury to the user.

62.     As a direct and proximate result of the negligence referred to in paragraphs 61 above, the Plaintiff suffered the injuries and damages summarized in paragraphs 1-20 above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, Ravin, in an amount in excess of $25,000.

Respectfully Submitted,

VEN JOHNSON LAW, PLC

By: *{s} Nathan J. Edmonds*
    NATHAN J. EDMONDS (P51453)
    VEN R. JOHNSON (P39219)
    Attorneys for Plaintiff
    535 Griswold Street, Suite 2600
    Detroit, Michigan 48226
    Ph: (313) 324-8300 Fax (313) 324-8301
    nedmonds@venjohnsonlaw.com

Date:  June 8, 2024

10

FILED by Macomb County Circuit Court
6/21/2024

2024-002378-NP
LAZZERI, BRIAN V!

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BRIAN LAZZERI

      Plaintiff,

v

RAVIN CROSSBOWS, LLC and
VELOCITY OUTDOOR, INC.

      Defendants.

Case No. 24-2378-NP

Hon. Joseph Toia

| NATHAN J. EDMONDS (P51453)<br>VEN. R. JOHNSON (P39219)<br>VEN JOHNSON LAW, PLC<br>Attorneys for Plaintiff<br>The Buhl Building<br>535 Griswold Ste 2600<br>Detroit, Michigan 48226<br>(313) 324-8300<br>nedmonds@venjohnsonlaw.com | |
|---|---|

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Brian Lazzeri, by and through his attorneys, Ven Johnson Law, PLC, hereby

demand trial by jury.

                          Respectfully Submitted,

                          VEN JOHNSON LAW, PLC

By:   */s/ Nathan J. Edmonds*
         NATHAN J. EDMONDS (P51453)
         VEN R. JOHNSON (P39219)
         Attorneys for Plaintiff
         535 Griswold Street, Suite 2600
         Detroit, Michigan 48226
         Ph: (313) 324-8300 Fax (313) 324-8301
         nedmonds@venjohnsonlaw.com

Date:  June 18, 2024